1  JENNIFER A. JACKSON (SBN 192998)
   **BRYAN CAVE LLP**
2  120 Broadway, Suite 300
   Santa Monica, California 90401-2386
3  Telephone:   (310) 576-2100
   Facsimile:   (310) 576-2200
4  E-mail:  jjackson@bryancave.com

5  Attorneys for Defendant
   MERCEDES-BENZ USA, LLC

6

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA ─ WESTERN DIVISION**

10

11 | SHEILA MILLER, on Behalf of Herself    No. CV06-5382 ABC (JTLx)
   | and All Others Similarly Situated and On
12 | Behalf of the General Public,          **CLASS ACTION**

13 |                    Plaintiffs,          **DEFENDANT MERCEDES-BENZ
                                             USA, LLC'S OPPOSITION
14 |         v.                             MEMORANDUM OF POINTS AND
                                             AUTHORITIES TO PLAINTIFF'S
15 | MERCEDES-BENZ USA, LLC, and           MOTION FOR CLASS
   | DOES 1 through 100, inclusive,         CERTIFICATION**

16 |                    Defendants.          Date:     January 12, 2008
17 |                                         Time:     10:00 a.m.
                                             Room:     780
18
                                             Hon. Audrey B. Collins
19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

3009106

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................. 1

II.  FACTUAL BACKGROUND ....................................................... 3

    A.  Plaintiff Sheila Miller ............................................... 3

        1.  Ms. Miller's Background ......................................... 3

        2.  Ms. Miller's Purchase of a 2003 Mercedes-Benz C-240 ........... 3

        3.  Ms. Miller's Purchase of a Spare Key in July 2006. ........... 5

        4.  Replacement of SmartKeys ...................................... 5

    B.  The Allegations in the Second Amended Complaint ................... 6

III. PROCEDURAL BACKGROUND ...................................................... 7

IV.  THE PROPOSED CLASSES AND CLASS REPRESENTATIVE ............................ 8

    A.  The Proposed Classes ............................................. 8

    B.  The Proposed Class Representative – Tsz Pui (Eve) Chan ........... 8

V.   STANDARD FOR CLASS CERTIFICATION .......................................... 9

VI.  ARGUMENT ................................................................. 10

    A.  The Court Should Deny the Motion for Class Certification for
        All Suggested Classes Because the Proposed Class
        Representative Is Not a Named Plaintiff. ......................... 10

    B.  Even if Ms. Miller Were the Class Representative, She Is Not
        Typical and Not an Adequate Class Representative ................. 13

        1.  Ms. Miller Cannot Meet the Typicality Requirement. ........... 13

        2.  Miller Is Not An Adequate Representative ..................... 16

        3.  Ms. Miller Cannot Represent the Class Because Summary
            Judgment Should Be Entered on Miller's Claim ................. 16

    C.  The Court Should Deny the Motion for Class Certification for
        All Suggested Classes Because the Proposed Classes Include
        Many Persons Without Standing to Bring Actions. ................. 17

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

i

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

D.    The Court Should Deny the Motion for Certification of All Nationwide Classes Under Rule 23(b)(3) Because Variations of Law Predominate and Trial Would Be Unmanageable. .......................18

E.    The Court Should Deny the Motion for Certification of a California-only UCL Class under Rule 23(b)(3) Because Miller Has Not Shown that Common Issues of Fact Predominate. ...............21

F.    The Court Should Deny the Motion for Certification of a Rule 23(b)(3) California-Only Fraud and Deceit Class because Factual Variations Predominate. .........................................27

G.    The Court Should Deny the Motion for Certification of a California-only Unjust Enrichment/Restitution Class under Rule 23(b)(3) because Factual Variations Predominate. ...........................29

H.    The Court Should Deny the Motion for Certification of Rule 23(b)(3) Classes Because It Is Not Superior to Other Available Methods of Adjudication. ......................................................30

I.    The Court Should Deny the Motion for Certification of Rule 23(b)(2) Classes Because the Primary Relief Sought is Money Damages and Because the Proposed Class Is Not Cohesive. ............30

1.    The Primary Relief sought is Money Damages .....................30

2.    The Classes are Not Cohesive. ................................................32

VII.    CONCLUSION ...................................................................................32

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Agent Orange Product Liability Litigation*,

597 F. Supp. 740 (D.C.N.Y. 1984) .......................................................... 12

*Andrews v. American. Telegraph & Telegraph Co.*,

95 F.3d 1014 (11th Cir. 1996) .................................................................. 28

*Barnes v. American Tobacco Co.*,

161 F.3d 127 (3d Cir. 1998) ..................................................................... 32

*Bishop v. Petro-Chemical Transport, LLC*,

__ F. Supp. 2d ___,

2008 WL 2811194 (E.D. Cal. July 17, 2008) ................. 10, 12, 13, 14, 16

*Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.*,

238 F.R.D. 679 (S.D. Fla. 2006) .............................................................. 12

*In re Bridgestone/Firestone, Inc.*,

288 F.3d 1012 (7th Cir. 2002) ............................................................ 18, 20

*Briehl v. General Motors Corp.*,

172 F.3d 623 (8th Cir. 1999) ................................................................... 18

*Broussard v. Meineke Discount Muffler Shops, Inc.*,

155 F.3d 331 (4th Cir. 1998) ................................................................... 10

*Castano v. American Tobacco Co.*,

84 F.3d 734 (5th Cir. 1996) ..................................................................... 28

*Drimmer v. WD-40 Co.*,

No. 06-CV-900 W(AJB), 2007 WL 2456003 .................................... 26, 31

*Fendler v. Westgate California Corp.*,

527 F.2d 1168 (9th Cir. 1975) ................................................................. 16

*Chavez v. Illinois State Police*,

251 F.3d 612 (7th Cir. 2001) ................................................................... 17

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

*Chin v. Chrysler Corp.*,

    182 F.R.D. 448 (D.N.J. 1998) ................................................................. 21

*Clay v. American Tobacco Co.*,

    188 F.R.D. 483 (S.D. Ill. 1999) ....................................................... 17, 18

*Cole v. General Motors Corp.*,

    484 F.3d 717 (5th Cir. 2007) .................................................................. 21

*Coopers & Lybrand v. Livesay*,

    437 U.S. 463 (1978) ................................................................................. 13

*Cowen v. Bank United*,

    70 F.3d 937 (7th Cir. 1995) .................................................................... 17

*Crosby v. Social Sec. Admin.*,

    796 F.2d 576 (1st Cir. 1986) .................................................................. 18

*Danvers Motor Co., Inc. v. Ford Motor Co.*,

    543 F.3d 141 (3d Cir. 2008) .................................................................. 11

*Diaz-Ramos v. Hyundai Motor Co.*,

    501 F.3d 12 (1st Cir. 2007) .................................................................... 23

*Dukes v. Wal-Mart, Inc.*,

    509 F.3d 1168 (9th Cir. 2007) ............................................................ 9, 32

*In re Ford Motor Co. Ignition Switch Prod. Liability Litigation*,

    174 F.R.D. 332 (D.N.J. 1997) ........................................................... 20, 21

*Frosini v. Bridgestone Firestone N.A. Tire, LLC*,

    *No. CV 05-0578 CAS*, 2007 WL. 2781656

    (C.D. Cal. Aug. 24, 2007) ................................................................. 27, 29

*Garcia v. Sun Pacific Farming Co-op.*,

    *No. CV F 06-0871 LJO TAG*, 2008 WL. 2073979 (E.D. Cal. May

    14, 2008) ............................................................................................ 14, 15

*General Telegraph Co. of the Southwest v. Falcon*,

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

457 U.S. 147 (1982) ............................................................................9, 12

*Gonzalez v. Proctor & Gamble Co.,*

247 F.R.D. 616 (S.D. Cal. 2007).....................................21, 23, 25, 28, 32

*In re First Alliance Mortgage Co.,*

471 F.3d 977.....................................................................................28, 29

*In re Grand Theft Automobile Video Game Consumer Litigation*

*(No. II),* 251 F.R.D. 139 (S.D.N.Y. 2008).............................................20, 21

*Hanlon v. Chrysler*

150 F.3d 1011 (9th Cir. 1998)..............................................................11, 13

*Hanon v. Dataproducts Corp.,*

976 F.2d 497 (9th Cir. 1992) ...............................................................11, 12

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.,*

211 F.R.D. 228 (S.D.N.Y. 2002) .................................................................20

*Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las*

*Vegas Sands, Inc.,* 244 F.3d 1152 (9th Cir. 2001) ...................................22

*Lyon v. Caterpillar, Inc.,*

194 F.R.D. 206 (E.D. Pa. 2000) ...................................................................19

*Marquis v. Tecumseh Products Co.,*

206 F.R.D. 132 (E.D. Mich. 2002)................................................................17

*In re Metlife Demutualization Litigation,*

229 F.R.D. 369 (E.D.N.Y. 2005) ..................................................................16

*Molski v. Gleich,*

318 F.3d 937 (9th Cir. 2003)........................................................................31

*Negrete v. Allianz Life Insurance Co. of North America,*

238 F.R.D. 482 (C.D. Cal. 2006) ................................................................23

*Newman v. RCN Telecom Services, Inc.,*

238 F.R.D. 57 (S.D.N.Y. 2006) ..................................................................25

*Newton v. Merrill Lynch, Pierce, Fenner & Smith,*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

259 F.3d 154 (3d Cir. 2001)....................................................................27

*O'Connor v. Boeing North American, Inc.,*

197 F.R.D 404 (C.D. Cal. 2000). ........................................10, 11, 13, 14

*O'Connor v. Boeing North American, Inc.,*

180 F.R.D. 359 (C.D. Cal. 1997) ................................9, 10, 27, 29, 30, 31

*Ortiz v. Fibreboard Corp.,*

527 U.S. 815 119 S. Ct. 2295 (1999).......................................................23

*In re Paxil Litigation,*

212 F.R.D. 539 (C.D. Cal. 2003) ......................................................26, 32

*In re Paxil Litigation,*

218 F.R.D. 242 (C.D. Cal. 2003) .............................................................32

*Phillips Petroleum Co. v. Shutts,*

472 U.S. 797 105 S. Ct. 2965 (1985).......................................................19

*Poulos v. Caesars World, Inc.,*

379 F.3d 654 (9th Cir. 2004)....................................................................25

*In re HP Inkjet Printer Litigation,*

*No. C 05-3580 JF*, 2008 WL. 2949265 (N.D. Cal. July 25, 2008).........19

*In re Relafen Antitrust Litigation,*

221 F.R.D. 260 (D. Mass. 2004) ..............................................................21

*In re Rezulin Prod. Liability Litigation,*

210 F.R.D. 61 (S.D.N.Y. 2002) ...............................................................30

*In re Sears, Roebuck and Co. Tools Marketing and Sales Litigation,*

2007 WL. 4287511 (N.D. Ill. December 04, 2007).................................30

*Rivera v. Wyeth-Ayerst Laboratories,*

283 F.3d 315 (5th Cir. 2002)....................................................................18

*Schwartz v. Upper Deck Co.,*

183 F.R.D. 672 (S.D.Cal. 1999)...............................................11, 17, 26

*Shroder v. Suburban Coastal Corp.,*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

729 F.2d 1371 (11th Cir. 1984) ................................................................ 16

*Siegel v. Shell Oil Co.,*

   2008 WL. 4378399 (N.D. Ill. Sept. 28, 2008) ...................................... 20

*Simer v. Rios,*

   661 F.2d 655 (7th Cir. 1981) ................................................................ 18

*Sullivan v. Oracle Corp., -- Federal 3d --, 2008 WL. 4811911 (9th Cir.*

   Nov. 6, 2008) ........................................................................................ 19

*Standfacts Credit Services, Inc. v. Experian Information Solutions,*

   *Inc.*, 405 F. Supp. 2d 1141 (C.D. Cal. 2005) ...................................... 19

*State of Alaska v. Suburban Propane Gas Corp.,*

   123 F.3d 1317 (9th Cir. 1997) .............................................................. 12

*Sweet v. Pfizer,*

   232 F.R.D. 360 (C.D. Cal. 2005) ............................................. 21, 31, 32

*Thompson v. Jiffy Lube International, Inc.,*

   250 F.R.D. 607 (D. Kan. 2008) ............................................................ 20

*Van West v. Midland National Life Insurance Co.,*

   199 F.R.D. 448 (D.R.I. 2001) .............................................................. 17

*Wang v. Chinese Daily News, Inc.,*

   231 F.R.D. 602 (C.D. Cal. 2005) ......................................................... 31

*Zinser v. Accufix Research Institute, Inc.,*

   253 F.3d 1180 (9th Cir. 2001)

   as amended 273 F.3d 1226 (9th Cir. 2001) .............. 9, 10, 22, 21, 30, 31, 32

**STATE CASES**

*Alliance Mortgage Co. v. Rothwell,*

   10 Cal. 4th 1226, 44  Cal. Rptr. 2d 352 (Cal. 1995) ......................... 25, 29

*American Suzuki Motor Corp. v. Superior Court,*

   37 Cal. App. 4th 1291, 44 Cal. Rptr. 2d 526 (Cal. App. Ct 1995) .......... 18

*Buckland v. Threshold Enterprises, Ltd.,*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

vii

155 Cal. App. 4th 798, 66 Cal.Rptr.3d 543 (Cal. Ct. App. 2007) ...........24

*Debbs v. Chrysler Corp.,*

810 A.2d 137 (Pa. Super. Ct. 2002) ........................................................26

*Engalla v. Permanente Medical Group, Inc.,*

15 Cal. 4th 951, 64 Cal. Rptr. 2d 843 (Cal. 1997) ..................................28

*Gawara v. U.S. Brass Corp.,*

63 Cal. App. 4th 1341, 74 Cal. Rptr. 2d 663 (Cal. Ct. App. 1998) .........24

*Lectrodryer v. SeoulBank,*

77 Cal. App. 4th 723, 91 Cal. Rptr. 2d 881 (Cal. Ct. App. 2000) ...........29

*Mass. Mutual Life Insurance Co. v. Superior Court,*

97 Cal. App. 4th 1282, 119 Cal. Rptr. 2d 190 (Cal. App. Ct. 2002) .......24

*McBride v. Boughton,*

123 Cal. App. 4th 379, 20 Cal.Rptr.3d 115 (Cal. Ct. App. 2004) ...........29

*Mirkin v. Wasserman,*

5 Cal. 4th 1082, 23 Cal. Rptr. 2d 101 (Cal. 1993) ..................................23

*Norwest Mortgage, Inc. v. Superior Court,*

72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (Cal. Ct. App. 1999) .............19

*Occidental Land, Inc. v. Superior Court,*

18 Cal. 3d 355, 134 Cal. Rptr. 388 (1976).............................................23

*Osborne v. Subaru of America, Inc.,*

198 Cal. App. 3d 646, 243 Cal. Rptr. 815 (Cal. Ct. App. 1988).............24

*Simon v. American Telegraph & Telegraph Corp.,*

*No. CV 99-11641 RSWL,* 2001 WL. 34135273 (C.D. Cal. Jan. 26, 2001)....................................................................................................18

*Vasquez v. Superior Court,*

4 Cal. 3d 800, 94 Cal. Rptr. 796 (Cal. 1971) .........................................23

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

# FEDERAL STATUTES AND RULES

28 U.S.C. § 2072 ...........................................................................................23

Fed. R. Civ. P. 23 ...................................................................................passim

# STATE STATUTES

Cal. Bus. & Prof. Code §§ 17203 .................................................................27

Cal. Vehicle Code 9954 ..............................................................................12

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# I.   **INTRODUCTION**

Plaintiff Sheila Miller moves this Court for certification of various classes of people whom she claims have been wronged by Mercedes-Benz's failure to make disclosures concerning the price and availability of replacement transponder keys (SmartKeys) for their Mercedes-Benz vehicles.  As a result of the motion practice in the two years this case has been pending, the Court is familiar with the allegations Ms. Miller made in her Original Complaint, in her First Amended Complaint and now in her Second Amended Complaint.  However, discovery has revealed that the case Ms. Miller alleges and requests be certified as a class action is not a case she herself can make.  Ms. Miller makes allegations this class action about events that never happened to her and for which she has no injury.  Because she may not expand her claim by way of class allegations and because her proof cannot stand for her individual claim, Mercedes-Benz has filed contemporaneously with this opposition to Plaintiff's motion for class certification, a Motion for Summary Judgment on Ms. Miller's individual claim.  That motion provides one compelling reason why Plaintiff's motion for class certification should be denied.  Indeed, if Ms. Miller's individual claim may not proceed, there is no plaintiff to represent and stand for a putative class of any kind.

Compelling reasons for denial of Ms. Miller's motion are in abundant supply. The motion for summary judgment notwithstanding, Plaintiff's Motion for Class Certification suffers from a plethora of infirmities, each one of which is fatal to the motion and supports denial.  First, and foremost, Ms. Miller—apparently recognizing that her own claim is insufficient for her proposed class—asks this Court to appoint someone else as class representative. Ms. Miller proposes as a class representative a person who is not a plaintiff in this case, who is not the subject of a motion to amend or other pleading, who was not disclosed in discovery until the class certification motion was filed, and who has not been deposed.  Indeed, for the past two years this individual—Ms. Chan—has had no connection whatsoever to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

this case and she is neither properly before the Court nor available to Mercedes-Benz. Indeed, she has taken on no obligation to the putative class. Ms. Miller offers no authority for her bizarre suggestion that a person other than a named plaintiff may act as a class representative. It is axiomatic that Rule 23(a)'s typicality and adequate representation requirements requires that the proposed class representative in fact be a named plaintiff. Ms. Miller's failure to propose a plaintiff with claims before this Court requires denial of her class certification motion in its entirety without examining any other Rule 23 factors.

But there are many more fatal problems. Ms. Miller, herself, cannot meet the typicality requirement because her individual claim (assuming it is viable) is significantly different from and narrower than the allegations she makes on behalf of absent class members. Furthermore, had she proposed herself as class representative, she would not be adequate because she is a paralegal employed by the law firm seeking to be class counsel in this case. Moreover, the class definition itself is fundamentally flawed, for it allows those class members without standing impermissibly to recover. Inexplicably Ms. Miller seeks certification of nationwide classes without establishing the necessary due process requirements and without addressing the variations in laws which make such classes unmanageable. Similarly, her request for California-only Unfair Competition Law, Statutory Fraud, and Unjust Enrichment/Restitution classes should be denied, because myriad factual variations destroy predominance.

Ms. Miller's request for certification of Rule 23(b)(2) classes also should be denied. Ms. Miller's primary relief requested is monetary, which defeats certification of any Rule 23(b)(2) class, and the actions about which she complains have been resolved by way of new legislation. Furthermore, such classes lack cohesion and are unmanageable − another independent reason for denial.

Indeed, there are so many fatal errors in Plaintiff's motion for class certification, its very filing is surprising. With so many opportunities to plead her

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

case properly, and so much guidance as to the legal requirements for those claims, the state of the pleadings is inexplicable.  It seems clear no number of second chances can sustain this case.  Ms. Miller's request for class certification should be denied in its entirety for the multiple and redundant and overwhelming grounds stated herein.  And if the Court grants summary judgment, this case can finally be laid to rest.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff Sheila Miller

#### 1.   Ms. Miller's Background

Plaintiff's counsel, the Weiss and Lurie law firm, has filed several lawsuits against different vehicle manufacturers and distributors based on similar allegations regarding the cost and availability of replacement transponder keys[1]. Ms. Miller is not only represented by this law firm, she is its full-time employee.  (Jackson Dec., Ex. A, Miller Dep. at 8.)  Ms. Miller has worked as a paralegal at the law firm for 10 years.  (*Id.*)  In fact, she has worked as a paralegal on at least one of the other class action law suits the firm has filed regarding transponder keys.  (Miller Dep. at 155-57.)  The filing of that case preceded the events that give rise to this lawsuit, including Ms. Miller's misplacing her spare key and ordering a new one.  (Jackson Dec., Ex. D, Complaint in *Jacob Glasser v. Volkswagen of America Inc.*, BC350498 (Los Angeles County, April 11, 2006).)

#### 2.   Ms. Miller's Purchase of a 2003 Mercedes-Benz C-240

In early 2003, Ms. Miller saw a picture of a Mercedes-Benz vehicle on a billboard and decided she wanted a Mercedes-Benz.  (Miller Dep. at 67-68.)  After

---

[1]    *See, e.g.*, Declaration of Jennifer Jackson ("Jackson Dec."), Ex. C, Complaint in *Herskovitz v. Ford Motor Co.*, BC350350 (Los Angeles County, April 7, 2006) (later removed to federal court); Jackson Dec., Ex. D, Complaint in *Jacob Glasser v. Volkswagen of America Inc.*, BC350498 (Los Angeles County, April 11, 2006) (removed to federal court); Jackson Dec., Ex. E, Complaint, *Shari Rosenman v Toyota Motor Sales USA Inc.*, BC350516 (Los Angeles County, April 11, 2006) (later removed to federal court).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

visiting one dealership, but deciding not to shop there, Ms. Miller went to Mercedes-Benz of South Bay to look at Mercedes-Benz vehicles.  (*Id.* at 69-72, 74-75.)  She had already decided that she was going to buy a Mercedes-Benz based on the aesthetics of the partial vehicle she saw on the billboard and because of "vanity." (*Id.* at 67-68, 76-77.)

On April 17, 2003, Ms. Miller purchased a 2003 Mercedes-Benz C-240 from Mercedes-Benz of South Bay for about $44,158.  (*Id.* at 55, 84, 88-92, 95; Jackson Dec., Ex. C, Retail Installment Sales Contract.)  While at the dealership, Ms. Miller did not look at any of the brochures or owners manual regarding the vehicle.  (Miller Dep.  at 86.)  She chose the C-240 because it was the only one she could afford to purchase.  (*Id.* at 93-94.)  Other than the billboard that she saw earlier in 2003 with a partial picture of a Mercedes-Benz vehicle on it, Ms. Miller considered no advertisements in connection with her purchase of the vehicle.  (*Id.* at 67-68, 165.) She wanted a Mercedes-Benz so she bought one.

Ms. Miller received two SmartKeys when she purchased her vehicle.  (*Id.* at 107.)  The SmartKey is an electronic key that can only be programmed using expensive and proprietary equipment not available at locksmiths or authorized Mercedes-Benz dealers.  (Jackson Dec., Ex. B, Mercedes-Benz's USA, LLC'S Initial Responses and Objections To Plaintiff's First Set Of Interrogatories, Response to Interrogatory No. 13.)  The salesperson showed her how to operate the key and its various functions.  (Miller Dep. at 111.)  Just by looking at the key that day, Ms. Miller understood that this was not an "average" key.  (*Id.* at 117.)  But Miller did not ask the salesperson where she could get a replacement key or how much such a key would cost to replace.  (*Id.* at 166.)  At the time Miller purchased the 2003 Mercedes-Benz C-240, Miller believed that she could obtain replacements for <u>every</u> part in the vehicle from some place other than Mercedes-Benz or its independent dealerships.  (*Id.* at 183.)

### 3.   Ms. Miller's Purchase of a Spare Key in July 2006.

In July 2006, a few months after several law suits had been filed by the Weiss and Lurie law firm against various vehicle manufacturers, Ms. Miller "misplaced" her "main" key for the 2003 Mercedes-Benz C-240.[2]  (Miller Dep. at 120-21; 206.) A few hours later that same day she located her main key, but she was still not able to find her spare key.  (*Id.* at 120-21.)  Ms. Miller called the "800 number" for Mercedes-Benz to obtain a replacement spare key and was told to contact a Mercedes-Benz dealership.  (*Id.* at 122-24.)  She ordered one key from the dealership, which cost about $188.  (*Id.* at 132-33.)  She received a replacement for her spare key within three days and was able to drive her vehicle during the entire time she was without her spare key, because she still had her "main" key.  (*Id.* at 129-30.)

### 4.   Replacement of SmartKeys

Mercedes-Benz provides the confidential codes for SmartKeys to no one, including dealerships.  (Jackson Dec., Ex. B, Mercedes-Benz's USA, LLC'S Initial Responses and Objections To Plaintiff's First Set Of Interrogatories, Response to Interrogatory No. 13.)  Therefore, keys are normally ordered by customers through authorized dealerships who in turn place orders for keys with Mercedes-Benz. Mercedes-Benz provides the keys to dealerships, and the dealerships then provide the keys to consumers.  (*Id.*)

Since December 31, 2007, the California Vehicle Code § 9901(d)(1) requires that manufacturers of transponder keys with confidential codes, including Mercedes-Benz, accept key orders from registered and bonded locksmiths on behalf of consumers whose identity and vehicle ownership have been verified by the

---

2       At least three lawsuits regarding transponder keys were filed by the Weiss and Lurie firm in April 2006. *See, supra*, footnote 1.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  locksmith.  (*Id.*)  Keys must be provided to the ordering locksmith within one day or

2  via next available overnight shipment.  (*Id.*)

3      **B.**    **The Allegations in the Second Amended Complaint**

4        Ms. Miller alleges that Mercedes-Benz has manufactured vehicles with

5  "sophisticated electronic 'transponder keys' or 'smart keys.'"  (SAC ¶ 2.)  She

6  alleges that the keys "contain a computer chip or transponder that is programmed

7  with a PIN code that matches the code in the vehicle's ignition" and that "[w]ithout

8  this code, a replacement key will not start the ignition."  (*Id.*)

9        Ms. Miller further alleges that Mercedes-Benz "requires drivers seeking

10  replacement keys to obtain those keys directly and exclusively from the Mercedes

11  brand manufacturer or from members of the manufacturer's authorized dealer or

12  facility network."  (SAC ¶ 34.)  She alleges that that locked vehicles "must be towed

13  to a dealership at the owner's expense" and that "drivers have no recourse when

14  dealerships are closed or after business hours."  (*Id.* at ¶4.)  Ms. Miller also avers

15  that Mercedes-Benz "refused to provide independent locksmiths with access to PIN

16  codes necessary to unlock class members' vehicles when keys are lost or stolen."

17  (*Id.* at ¶ 6.)

18        The crux of her allegations for each cause of action in the Second Amended

19  Complaint is that Mercedes-Benz "omits or fails to fully or adequately inform

20  consumers" the following:

21          a.    that replacement or transponder keys must be obtained
22                exclusively from Mercedes;

        b.    that drivers needing to replace transponder keys
23                have no recourse when dealerships are closed or
              after business hours;

24          c.    that Mercedes refuses to provide replacement key
25                codes to independent locksmiths; and

        d.    that without the key codes, locksmiths who are not
26                authorized by Mercedes may be unable to unlock the car.

27          e.    Mercedes-Benz fails to disclose the cost of replacement
              keys.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

(SAC ¶ 7; *see also id.* at 34-37, 45; Counts I-III.)

Ms. Miller never tried to obtain a replacement key from a locksmith or from a dealership that was closed.  (Miller Dep. at 187-88.)  She never was unable to drive her vehicle because she had her "main" key.  (Id. at 129-30.)  She never had to have her vehicle towed because a dealership was closed.  (*Id.* at 129, 187.)  Ms. Miller obtained a replacement key from a Mercedes-Benz dealership after she misplaced her spare key for a short period of time.  (*Id.* at 127-33.)

## III.   PROCEDURAL BACKGROUND

Ms. Miller initially filed this action on July 20, 2006, in the Superior Court of the State of California for the County of Los Angeles.  The action was removed to this Court pursuant to the Class Action Fairness Act by MBUSA on August 25, 2006.  Plaintiff filed her First Amended Complaint ("FAC") on November 17, 2006.  Mercedes-Benz moved to dismiss the FAC, and this Court dismissed all claims except the unfair conduct claim under the UCL.  (Jackson Dec., Ex. H, Order re: Defendant's Motion to Dismiss, dated September 5, 2007.)

Ms. Miller filed a Second Amended Complaint.  Ms. Miller brings three counts in her complaint.  (SAC.)  In Count I, she alleges that Mercedes-Benz violated the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.*  (*Id.*, Count I.)  In Count II, she alleges that Mercedes-Benz committed fraud by omission and deceit/concealment.  (*Id.*, Count II.)  In Count III, she asks for restitution.  (*Id.*, Count III).  Sheila Miller is the only Plaintiff in this case.  (*Id.*)

Mercedes-Benz moved to dismiss the Second Amended Complaint and, on February 8, 2008, the Court granted in part and denied in part the motion to dismiss.  (Jackson Dec., Ex. I, Order re: Defendant's Motion to Dismiss, dated February 8, 2008.)  The Court dismissed without prejudice Ms. Miller's UCL unlawful conduct claim based on alleged violations of the Cartwright Act, allowing Ms. Miller one more chance to amend the Complaint in an effort to state a UCL unlawful prong claim.  (*Id.* at 10, 17.)  Because Ms. Miller chose not amend her complaint a third

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 time, the unlawful conduct UCL claim based on alleged violations of the Cartwright

2 Act no longer is part of this case.  This Court also dismissed with prejudice Ms.

3 Miller's price-related unfair conduct UCL claim.  (*Id.* at 12, 17.)

4     Mercedes-Benz filed its Answer on March 17, 2008.  Based on the parties'

5 stipulation, the Court ordered a briefing schedule for class certification.  (Order of

6 July 15, 2008.)  Ms. Miller filed a motion for class certification on October 13,

7 2008.  Mercedes-Benz is filing a motion for summary judgment on the Second

8 Amended Complaint contemporaneously with the filing of this opposition to Ms.

9 Miller's motion for class certification.

10 **IV.   THE PROPOSED CLASSES AND CLASS REPRESENTATIVE**

11     **A.   The Proposed Classes**

12     Ms. Miller asks the Court to certify four classes: a nationwide and California-

13 only class under Fed. R. Civ. P. 23(b)(2) and a nationwide and California-only class

14 under Fed. R. Civ. P. 23(b)(3).  She asks this Court to certify a nationwide or

15 California-only Rule 23(b)(2) class of persons "who, from July 20, 2002 through the

16 present, purchased or leased a Mercedes vehicle equipped with an electronic

17 'transponder' replacement key from an authorized Mercedes dealership."  (Pltf.

18 Mem. ISO Class Cert., pp. 1-2.).  She also asks this Court to certify a nationwide or

19 California-only Rule 23(b)(3) class of persons "who, from July 20, 2002 through the

20 present, purchased or leased a Mercedes vehicle equipped with an electronic

21 'transponder' replacement key from an authorized Mercedes dealership, including

22 all such persons who paid Mercedes or an authorized Mercedes dealership to replace

23 the transponder key."  (*Id.* at pp. 2-3.)

24     **B.   The Proposed Class Representative – Tsz Pui (Eve) Chan**

25     Ms. Miller does not seek to represent the classes she asks this Court to certify.

26 (Plaintiff's Proposed Order ¶ 2; *see also* Plaintiff Sheila Miller's Mem. ISO Mot. for

27 Class Cert., pp. 9-10; 11-13, 21.)  She instead asks this Court to appoint Tsz Pui

28 (Eve) Chan, who is not a plaintiff in this case, as class representative for any classes

certified.  (Plaintiff's Proposed Order ¶ 2; Pltf. Mem. ISO Mot. for Class Cert., pp. 9-10, 11-13; *see also* Jackson Dec., Ex. G, Second Amended Complaint ("SAC") filed by Sheila Miller.)

Ms. Chan apparently purchased a used 2005 Mercedes-Benz vehicle from a dealership on or about March 26, 2008.  (Declaration of Eva Chan in Support of Certification of the Class and Appointment of Class Representative ("Chan Decl."), ¶ 4 (attached as Ex. E to Elkins Decl.).  She purchased a replacement spare key in July 2008.  (*Id.* at 15-17.)

## V.     <u>STANDARD FOR CLASS CERTIFICATION</u>

Before certifying a class, a district court must conduct a "rigorous analysis" to ensure that the four requirements of Rule 23(a) are met and that the class fits within one of the three categories of Rule 23(b).  *General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372 (1982).  The party seeking certification bears the burden of proof with respect to these requirements.  *Zinser v. Accufix Research Institute, Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001), *as amended*, 273 F.3d 1266 (9th Cir. 2001).  The Ninth Circuit acknowledges that a consideration of the merits evidence may be necessary in class actions: "Of course, we recognize that courts are not only 'at liberty to' but must consider evidence which goes to the requirements of Rule 23 [at the class certification stage] even [if] the evidence may also relate to the underlying merits of the case."  *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1178 (9th Cir. 2007).

"The Party seeking class certification bears the burden of demonstrating that all four prerequisites of Rule 23(a) have been met and at least one of the requirements of Rule 23(b)."  *O'Connor v. Boeing North American, Inc.*, 180 F.R.D. 359, 366 (C.D. Cal. 1997); *see also Zinser,* 253 F.3d at 1186 ("As the party seeking class certification, [plaintiff] bears the burden of demonstrating that she has met *each* of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).") (emphasis added).  Plaintiff must initially meet each of the Rule 23(a)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

requirements of: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of the class representative.  Fed. R. Civ. P. 23(a).  If she cannot, class certification must be denied, and the Court need not address the factors in Rule 23(b) at all. *Bishop v. Petro-Chemical Transport, LLC*, __ F. Supp. 2d ___, 2008 WL 2811194, *17 (E.D. Cal. July 17, 2008).

Ms. Miller has moved for class certification under Rule 23(b)(2) and (b)(3). Certification under (b)(2) is appropriate only where the primary relief sought is injunctive or declaratory in nature, and monetary relief is merely incidental to the request for an injunction.  *Zinser*, 253 F.3d at  1195; *O'Connor*, 180 F.R.D. at 377. Certification under (b)(3) is appropriate only where common questions of law and fact predominate over questions affecting only the individual members, and a class action is superior to other available methods of adjudication.  Fed. R. Civ. P. 23(b).

## VI.  <u>ARGUMENT</u>

### A.   The Court Should Deny the Motion for Class Certification for All Suggested Classes Because the Proposed Class Representative Is Not a Named Plaintiff.

The only plaintiff in this case is Sheila Miller.  Inexplicably, she does not seek to be the representative of her proposed classes.  She instead asks this Court to appoint a non-party, Tzu Pui (Eve) Chan, as the sole class representative. (Plaintiff's Proposed Order ¶ 2; *see also* Plaintiff Sheila Miller's Mem. ISO Mot. for Class Cert., pp. 9-10; 11-13, 21.)

There is no precedent for Plaintiff's request.  Courts recognize that "'as goes the claim of the named plaintiff, so go the claims of the class.'"  *O'Connor v. Boeing North American, Inc.*, 197 F.R.D 404, 412 (C.D. Cal. 2000) (quoting *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc)); *see also Broussard v. Meineke Discount Muffler Shops, Inc.,* 155 F.3d 331, 340 (4th Cir. 1998) (same).  Ms. Chan cannot possibly represent any class in a trial in this case because she is not properly before this Court in any capacity and is not a plaintiff in

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 the case.  With no plaintiff seeking to represent the class at a trial of the claims,

2 there can be no trial of class claims.  Thus, no class can be certified.

3 　　　　The requisite factors of typicality and adequate representation are directly

4 based on the claims of the named plaintiff.  *See* Fed. R. Civ. P. 23(a)(3) & (4).

5 Typicality revolves around a comparison between the facts of the named plaintiff's

6 claims and those of absent class members.  *Hanon v. Dataproducts Corp.*, 976 F.2d

7 497, 508 (9th Cir. 1992) (one factor for typicality is "whether the action is based on

8 conduct which is not unique to the <u>named plaintiffs</u>") (emphasis added) (citation

9 omitted); *see also Danvers Motor Co., Inc. v. Ford Motor Co.*, 543 F.3d 141,

10 150 (3d Cir. 2008) ("The [typicality] inquiry assesses whether the <u>named plaintiffs</u>

11 have incentives that align with those of absent class members") (emphasis added)

12 (citation omitted); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 683 (S.D.Cal.

13 1999) ("The typicality element requires the Court to look at the interests of the

14 <u>named plaintiffs</u> and assure that they are in line with those of the class.") (emphasis

15 added) (citation omitted).

16 　　　　Similarly, the test of adequacy of representation presupposes that the named

17 plaintiff is the proposed class representative.  *Hanlon v. Chrysler*, 150 F.3d 1011,

18 1020 (9th Cir. 1998) ("Resolution of two questions determines legal adequacy: (1)

19 do the <u>named plaintiffs</u> and their counsel have any conflicts of interest with other

20 class members and (2) will the <u>named plaintiffs</u> and their counsel prosecute the

21 action vigorously on behalf of the class?") (emphasis added); *see also Danvers*, 543

22 F.3d at 150 ("the adequacy inquiry 'assures that the <u>named plaintiffs</u>' claims are not

23 antagonistic to the class") (emphasis added); *O'Connor*, 197 F.R.D. at 412

24 (requirement "'serves to uncover conflicts of interest between <u>named parties</u> and the

25 class they seek to represent.'") (emphasis added) (citation omitted).

26 　　　　Ms. Miller offers no authority for her unprecedented maneuver and there is

27 none.  The entire premise of a class action is that the trial of the named plaintiff's

28 claim will bind absent class members to a verdict; in effect, the class members stand

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

in the shoes of the named plaintiff at trial. *See In re Agent Orange Product Liability Litigation*, 597 F. Supp. 740, 805 (D.C.N.Y. 1984) ("In effect the class action is a judicial construct designed to treat all members of the class as if they stood in the shoes of the named representative plaintiffs."); *Boca Raton Community Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679, 692 (S.D. Fla. 2006) ("typicality is often met when, in proving its own case, the representative plaintiff establishes the elements needed to prove the class members' case"); *see also Falcon,* 457 U.S. at 157 (class certification reversed because the named plaintiff's proof of his own claim would not necessarily establish liability on behalf of the proposed class).

The requisite factors of typicality and adequate representation cannot be met without a proposed class representative who is a named plaintiff in the case. *See* Fed. R. Civ. P. 23(a)(3) & (4). Since Ms. Miller has not carried her burden of meeting all the Rule 23(a) requirements, the Court need not analyze whether she meets any of the Rule 23(b) requirements before denying the motion for class certification in its entirety. *Bishop*, __ F. Supp. 2d ___, 2008 WL 2811194, at *17. Accordingly, this Court should deny Ms. Miller's motion for class certification of all proposed classes. *See* Fed. R. Civ. P. 23(a)(3) & (4).[3]

_____

[3]    Until Plaintiff's motion referenced her, Ms. Chan had no connection to this case. She was not disclosed in discovery, was not the subject of a motion to add a party plaintiff, was not deposed and has literally not been involved in the case in any way so as to test (and allow plaintiff to establish) her fitness to be a class representative. However, even a cursory review of her declaration shows she has flaws that preclude her even if she were a party plaintiff from representing the class sought here. Ms. Chan apparently bought her vehicle in March 2008 and purchased her replacement spare key in late July 2008. (Chan Decl. at ¶¶ 4, 15-17.) Both events occurred <u>after</u> the effective date of Cal. Vehicle Code 9954. That statute legislates the availability of transponder keys and directs specific actions Mercedes-Benz must take to comply. Ms. Chan could only bring a claim for failure to comply with the statute, a claim not representative of persons whose vehicle purchases took place prior to the effective date of the statute. Because she is subject to unique defenses, Ms. Chan could not meet the typicality requirement, even if she were a named plaintiff. *Hanon*, 976 F.2d at 508; *see also State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1321 (9th Cir. 1997).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**B.    Even if Ms. Miller Were the Class Representative, She Is Not Typical and Not an Adequate Class Representative.**

The only class representative proposed by Plaintiff Sheila Miller in her motion for class certification is Eve Chan.  Ms. Miller apparently does not seek to represent a class at trial, though she states in a footnote that she "remains available" to represent the class, "if necessary."  (Pltf. Mem. at 11, n. 3.)  As a non-party, Ms. Chan cannot represent the class sought in Plaintiff's motion.  Thus, only Ms. Miller's claim can be tested and determined under the standards for class certification.  Because Ms. Miller cannot meet the typicality and adequate representation factors, her motion for class certification of all proposed classes should be denied and the Court need not determine if she meets the Rule 23(b) requirements.  *See* Fed. R. Civ. P. 23(a)(3) & (4); *Bishop*, __ F. Supp. 2d ___, 2008 WL 2811194, at *17.

**1.    Ms. Miller Cannot Meet the Typicality Requirement.**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties be typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Although the typicality requirement of Rule 23(a)(3) does not require that the class representative be identically situated with respect to each and every class member, the named plaintiff still must "'possess the same interest and suffer the same injury' as the class members."  *O'Connor*, 197 F.R.D. at 412 (citation omitted); *see also Hanlon*, 150 F.3d at 1020.  "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class."  *O'Connor*, 197 F.R.D. at 412 (citation omitted); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454 (1978) ("Class certification may require courts to answer questions "enmeshed in the factual and legal issues comprising the plaintiff's cause of action.").  "Where the premise does not hold true, class treatment is inappropriate."  *O'Connor*, 197 F.R.D. at 412.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Ms. Miller alleges that Mercedes-Benz failed to disclose information regarding the availability of transponder keys, that replacement or transponder keys must be obtained exclusively from Mercedes-Benz dealers, that Mercedes-Benz refuses to provide replacement key codes to independent locksmiths, and that drivers needing to replace transponder keys have no recourse when dealerships are closed or after business hours.  (SAC ¶ 7; *see also id.* at ¶¶ 34-37, 45.)  However, none of the injuries she alleges actually happened to her.  Ms. Miller merely misplaced her spare key for a short period of time while she was in the comfort of her own home.  She never attempted to obtain a replacement key from a locksmith or from a dealership when closed or after business hours.  (Miller Dep. at 127-33, 187-88.)  Ms. Miller was never without the use of her vehicle, unlike the allegations she makes in the SAC.

"[T]ypicality focuses on the relationship of facts and issues between the class and its representatives."  *Bishop*, --- F. Supp. 2d ----, 2008 WL 2811194, *16 (citing *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007)).  Ms. Miller is not typical because she simply did not experience the allegations in her complaint. Assuming some absent class members experienced those things, Ms. Miller cannot stand for and represent them.  Her individual claim is limited to allegations that Mercedes-Benz did not disclose the future price of a replacement key when she purchased the vehicle.  A trial of her individual claims will not provide representation of those class members whose claims revolve around an alleged failure to disclose the availability of SmartKeys only at dealerships, who had their vehicles towed, or who sought to obtain keys from locksmiths.  Ms. Miller is atypical of some proposed class members which is fatal to her motion.  *Bishop* --- F. Supp. 2d ----, 2008 WL 2811194, at *16 (typicality is not met because "the representatives' claims are typical of <u>some</u> of the proposed class members but <u>atypical</u> of other of the proposed class members."); *Garcia v. Sun Pacific Farming*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1 | *Co-op.*, No. CV F 06-0871 LJO TAG, 2008 WL 2073979, *13 (E.D. Cal. May 14,

2 | 2008) (same).

3 |      Ms. Miller is atypical in other ways.  She chose her vehicle because it was the

4 | only Mercedes-Benz vehicle she could afford to purchase.  (Miller Dep. at 86)

5 | Surely some consumers purchased their vehicles for reasons other than affordability.

6 | And other than a quick glance at a billboard with a picture of a Mercedes-Benz

7 | vehicle on it, Ms. Miller considered no Mercedes-Benz advertisements in

8 | connection with her purchase of the vehicle.  (*Id.* at 67-68, 165.)  Ms. Miller also did

9 | not read the owners manual or any other documents such as brochures prior to

10 | purchasing her vehicle.  (*Id.* at 93-94.)  Certainly some class members saw

11 | advertisements, read brochures, and/or purchased their vehicle for other reasons

12 | besides its inexpensive price and "vanity."  In finding that Ms. Miller stated a claim,

13 | this Court held that "to plead reliance on a fraudulent omission, Plaintiff must plead

14 | that she had 'confidence in the material completeness of the defendant's

15 | representations, and act[ed] upon this confidence.'"  (Jackson Decl, Ex. I, Order re:

16 | Defendant's Motion to Dismiss, dated February 8, 2008, at 13 (citation omitted).)

17 | To prove what she pleaded, however, Ms. Miller must have evidence that she had

18 | confidence in the material completeness of the defendant's representations.  (*See id.*;

19 | *see also id.* at 15 ("If Plaintiff did not, in fact, review any of these documents,

20 | Defendant may explore that issue in discovery and test this claim at summary

21 | judgment.").  Ms. Miller did not read the requisite materials to rely on the material

22 | completeness of Mercedes-Benz disclosures.  Thus, she cannot be typical of any

23 | possible class members who did read those materials prior to purchasing their

24 | vehicle.  Because of her actions, Miller may not make her own claim much less

25 | those of other proposed class members.

26 |      Because she cannot meet the typicality requirement, class certification should

27 | be denied.  *See, e.g.*, *Bishop* --- F. Supp. 2d ----, 2008 WL 2811194, at *16; *Garcia*,

28 | 2008 WL 2073979, at *13.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

3009106

15

## 2. Miller Is Not An Adequate Representative.

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel. *See Hanlon,* 150 F.3d at 1020. Miller cannot be an adequate representative for two reasons. First, her failure to propose herself to represent the class suggests a lack of zeal in bringing this action on behalf of class members. *Cf. Fendler v. Westgate California Corp.,* 527 F.2d 1168, 1170 (9th Cir. 1975) (The representative plaintiff must have sufficient "zeal" to protect the interests of the class). Second, because Ms. Miller is a paralegal working for the proposed class counsel who brought this case, there exists the risk of a conflict with class members. *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1375 (11th Cir. 1984) (named plaintiff who was class counsel's employee could not represent the class); *In re Metlife Demutualization Litig.*, 229 F.R.D. 369, 376-77 (E.D.N.Y. 2005) (employee of law firm seeking to be class counsel is not an adequate representative). This risk exists because an employee of class counsel may be more "interested in maximizing the return to his employer" and securing his "future employment" than she is about the welfare of the unnamed class members. *Shroder*, 729 F.2d at 1375; *Metlife*, 229 F.R.D. at 376-77 (same). Ms. Miller clearly testified that her employment with her law firm is the more important of her interests. (Miller Dep. at 212-213.)

### 3. Ms. Miller Cannot Represent the Class Because Summary Judgment Should Be Entered on Miller's Claim.

Mercedes-Benz has moved for summary judgment on all of Ms. Miller's claims in this case. If Ms. Miller cannot survive summary judgment on her individual claims, she cannot represent the proposed class. *See, e.g., Chavez v. Illinois State Police*, 251 F.3d 612, 629 (7th Cir. 2001); *Cowen v. Bank United*, 70

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

F.3d 937 (7th Cir. 1995); *Marquis v. Tecumseh Products Co.*, 206 F.R.D. 132, 166, n.32 (E.D. Mich. 2002).

### C.   The Court Should Deny the Motion for Class Certification for All Suggested Classes Because the Proposed Classes Include Many Persons Without Standing to Bring Actions.

One of Plaintiff's burdens is to define the class adequately.  *Schwartz,* 183 F.R.D. at 679-80; *Van West v. Midland Nat'l Life Ins. Co.*, 199 F.R.D. 448, 451 (D.R.I. 2001); *Clay v. American Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999). Ms. Miller asks this Court to certify a nationwide or California-only Rule 23 (b)(2) class of persons "who, from July 20, 2002 through the present, purchased or leased a Mercedes vehicle equipped with an electronic 'transponder' replacement key from an authorized Mercedes dealership."  (Pltf. Mem. ISO Class Cert., pp. 1-2.). Similarly, she asks the Court to certify a nationwide or California-only Rule 23 (b)(3) class of persons "who, from July 20, 2002 through the present, purchased or leased a Mercedes vehicle equipped with an electronic 'transponder' replacement key from an authorized Mercedes dealership, including all such persons who paid Mercedes or an authorized Mercedes dealership to replace the transponder key." (*Id.* at pp. 2-3.)

"The definition of a class should not be so broad as to include individuals who are without standing to maintain the action on their own behalf." *Clay*, 188 F.R.D. at 490.  Ms. Miller's proposed classes are impermissibly overbroad.  The classes include many people who have both their original key and spare key and who never purchased a replacement key, because class membership is predicated on the purchase or lease of a vehicle.  There is no legally cognizable cause of action for Mercedes-Benz owners or lessees who never purchased a replacement key, for they suffered no conceivable loss of money or property, damages, or injury sufficient for both statutory and Article III standing.  *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 319 (5th Cir. 2002); *see also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1017 (7th Cir. 2002) ("recoveries by those whose products function properly

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

17

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1   mean excess compensation"); *Briehl v. General Motors Corp.*, 172 F.3d 623 (8th

2   Cir. 1999) (unmanifest product defect claims are not cognizable).  Moreover,

3   because Plaintiff seeks a class of people that includes purchasers of vehicles after

4   January 1, 2008, the class includes people with no claim concerning the availability

5   of transponder keys unless Mercedes-Benz violated the requirements of the

6   statute—an altogether different claim than those asserted in the SAC.[4]

7        Ms. Miller's failure to limit the classes to persons with standing to assert a

8   legally cognizable claim is fatal to certification of all her proposed classes.  *Simon v.*

9   *American Tel. & Tel. Corp.,* No. CV 99-11641 RSWL, 2001 WL 34135273, at *3

10  (C.D.Cal. Jan. 26, 2001) (holding that class certification under Rules 23(b)(2) and

11  23(b)(3) was inappropriate because the proposed class definitions included persons

12  who had not been aggrieved); *see also Crosby v. Social Sec. Admin.*, 796 F.2d 576,

13  580 (1st Cir. 1986); *Simer v. Rios*, 661 F.2d 655, 670-71 (7th Cir. 1981); *Clay*, 188

14  F.R.D. at 490; *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th

15  1291, 1296-97, 44 Cal.Rptr.2d 526, 529-31 (Cal. App. Ct 1995) (class certification

16  was improper where class included people with vehicles in which alleged defect

17  never manifested).

18    **D.    The Court Should Deny the Motion for Certification of All**
          **Nationwide Classes Under Rule 23(b)(3) Because Variations of Law**
19        **Predominate and Trial Would Be Unmanageable.**

20       Ms. Miller requests that nationwide classes be certified for her UCL, fraud,

21  and restitution claims "without addressing any of the complexities involved in doing

22  so." *In re HP Inkjet Printer Litig.*, No. C 05-3580 JF, 2008 WL 2949265, *8 (N.D.

23  Cal. July 25, 2008).  Miller has provided this Court <u>no</u> choice of law analysis,

24  _____

25  4    In addition, defining the class to include all who purchased or leased up to "the present" also creates an
    impermissibly vague definition and requires denial of the motion.  *Simon v. American Tel. & Tel. Corp.*, No. CV 99-
26  11641 RSWL, 2001 WL 34135273, at *3 (C.D. Cal. Jan. 26, 2001) ("Aside from the notice problems that such an
    imprecise class definition presents, it is impossible at this stage to determine the identity of those class members who
27  have not yet purchased services from the Cable Company Defendants.").

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

apparently simply presuming that this Court would apply California law to class members in all 50 states.  Of course, such an extraterritorial application of California law is unconstitutional.

California's Unfair Competition Law, fraud and deceit law, and restitution/unjust enrichment law cannot constitutionally be applied to claims by non-California residents against Mercedes-Benz, a non-California defendant, where the alleged conduct did not occur in or emanate from California.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985); *Standfacts Credit Servs., Inc. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005); *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 227, 85 Cal.Rptr.2d 18, 26-27 (Cal. Ct. App. 1999); *see also Sullivan v. Oracle Corp.*, -- Fed 3d --, 2008 WL 4811911, *10 (9th Cir. Nov. 6, 2008) ("We hold that § 17200 does not apply to allegedly unlawful behavior occurring outside California causing injury to nonresidents of California."); *Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206, 213 (E.D. Pa. 2000) ("Applying the Pennsylvania consumer fraud act to all the putative class members' claims would be a violation of the due process rights of those plaintiffs who do not live in Pennsylvania and/or who did not purchase their boats in Pennsylvania.").[5]

In order to avoid due process problems, the Court must perform a complex choice of law analysis for non-California proposed class members and make determinations that the laws of the various states do not differ in material ways. However, courts that have addressed the issue have determined that the laws of the various states are different for the various causes of action Miller brings in this case. The consumer laws in the fifty states "differ in relevant respects."  *In re Grand Theft*

---

[5]    In *Shutts*, the Supreme Court held that due process requires a forum state to possess "a significant contact or significant aggregation of contacts" with the plaintiffs' claims to justify imposing its law, and rejected the application of Kansas law to a nationwide class.  *Shutts*, 472 U.S. at 821-22.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

*Auto Video Game Consumer Litig. (No. II),* 251 F.R.D. 139, 147 (S.D.N.Y. 2008) (citing cases); *see also In re Bridgeston/Firestone*, 288 F.3d 1012, 1017-18 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's laws to sales in other states with different rules.").  There also are material conflicts between the fraud laws of the various states.  *See, e.g., Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 235 (S.D.N.Y. 2002) ("a nationwide class action in which plaintiffs raise claims of fraud would require the application of the law of at least fifty jurisdictions and would make class certification inappropriate.").  And there are material conflicts between the states with respect to unjust enrichment/restitution claims.  *Grand Theft Auto*, 251 F.R.D. at 147 ("the states' unjust-enrichment laws vary in relevant respects"); *Thompson v. Jiffy Lube Int'l., Inc.*, 250 F.R.D. 607, 626 (D. Kan. 2008) (enumerating differences among states' laws); *Siegel v. Shell Oil Co.*, No. 06 C 0035, 2008 WL 4378399, 4 (N.D. Ill. Sept. 28, 2008) (there are "material variations" in the various states' laws of unjust enrichment).

A California choice-of-law analysis leads to the application of the law of the state of purchase or lease of the vehicle for a consumer fraud claim.  *Grand Theft Auto*, 251 F.R.D. at 150 (applying California conflicts jurisprudence); *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 174 F.R.D. 332, 348 (D.N.J. 1997) (applying New Jersey's similar interest analysis).  This is because a "plaintiff's home state has an interest in protecting its consumers from in-state injuries caused by foreign corporations and in delineating the scope of recovery for its citizens under its own laws." *Ford Motor Co Ignition Switch*, 174 F.R.D. at 348; *see also In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 278 (D. Mass. 2004).

For similar reasons, the choice-of-law analysis often leads to application of the law of the state of purchase or lease of the vehicle for the common law fraud and restitution/unjust enrichment claims.  *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 457 (D.N.J. 1998) (applying New Jersey's similar interest analysis and holding that

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  fraud laws of each plaintiff's home state should apply); *Grand Theft Auto,* 251

2  F.R.D. at 150 (applying New Jersey's similar interest analysis and holding that

3  restitution/unjust enrichment laws of each plaintiff's home state should apply).

4      Ms. Miller's abject failure to even address, much less attempt to establish,

5  that common issues of law could predominate and that trial of these claims under

6  various state's laws would be manageable requires denial of her motion for

7  nationwide classes. *Zinser,* 253 F.3d at 1190 (affirming trial court's denial of class

8  certification because plaintiff failed to present any "manageable trial plan adequate

9  to deal with individualized issues and variations in state law"); *Cole v. General*

10 *Motors Corp.*, 484 F.3d 717, 725-26 (5th Cir. 2007) ("We conclude that plaintiffs

11 did not sufficiently demonstrate the predominance requirement because they failed

12 both to undertake the required 'extensive analysis' of variations in state law

13 concerning their claims and to consider how those variations impact

14 predominance."); *Sweet v. Pfizer*, 232 F.R.D. 360, 372 (C.D. Cal. 2005) ("Here, not

15 only have Plaintiffs failed to conduct an in-depth choice of law analysis showing

16 that the case would be manageable as a class action, but they never even suggest

17 which state laws should apply.").

18  **E.    The Court Should Deny the Motion for Certification of a**
     **California-only UCL Class under Rule 23(b)(3) Because Miller Has**
19   **Not Shown that Common Issues of Fact Predominate.**

20      "Rule 23(b)(3) focuses on the relationship between the common and

21 individual issues, testing whether a proposed class is sufficiently cohesive to warrant

22 adjudication by representation." *Gonzalez v. Proctor & Gamble Co.*, 247 F.R.D.

23 616, 622-23 (S.D. Cal. 2007) (citing *Local Joint Executive Bd. of*

24 *Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1162 (9th

25 Cir. 2001)). That cohesiveness can be met only if "the questions of law or fact

26 common to the members of the class predominate over any questions affecting only

27 individual members." Fed. R. Civ. P. 23(b)(3). Accordingly, a court must

28 determine whether the evidence about the class representatives' circumstances and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  the opposing evidence from the defense will permit across-the-board "yes" or "no"
2  determinations that fairly resolve the claims of the entire class.  Where "the main
3  issues in a case require the separate adjudication of each class member's individual
4  claim or defense," class treatment is inappropriate.  *Zinser,* 253 F.3d at 1189.

5      Miller argues that common issues predominate because "[a] finding of
6  Defendant's culpability for a single class member will yield the same result for all."
7  (Pltf. Mem. ISO Class Cert., p. 16.)  However, this is demonstrably not so.  Factual
8  variations dominate with respect to key questions involving causation and loss of
9  money and property, both fundamental requirements for recovery by all class
10  members.

11            **1.**      **Factual Variations Predominate on Causation.**

12      A private person has standing to sue under California's Unfair Competition
13  Law (UCL) <u>only</u> if he or she 'has suffered injury in fact and has lost money or
14  property <u>as a result</u> of such unfair competition.'"  *Californians for Disability Rights*
15  *v. Mervyn's, LLC,* 39 Cal. 4th 223, 228, 46 Cal.Rptr.3d 57, 61 (Cal. 2006) (citation
16  omitted and emphasis added).  The vast majority of courts that have examined this
17  issue since November 2004 have ruled that reliance is required to meet the causation
18  requirement.  *See, e.g., Hall v. Time Inc.,* 158 Cal. App. 4th 847, 855, 70
19  Cal.Rptr.3d 466, 471 (Cal. App. Ct. 2008); *accord Cattie v. Wal-Mart Stores, Inc.,*
20  504 F. Supp. 2d 939, 947-48 (S.D. Cal. 2007); *Daghlian v. Devry University, Inc,*
21  461 F. Supp. 2d 1121, 1156 (C.D. Cal. 2006); *Laster v. T-Mobile USA, Inc.,* 407 F.
22  Supp. 2d 1181, 1194 (S.D. Cal. 2005); *but see Anunziato v. eMachines, Inc.,* 402 F.
23  Supp. 2d 1133, 1137-1138 (C.D. Cal. 2005).

24      Ms. Miller argues that reliance is not required, but fails to establish how
25  causation ("as a result of") could be shown in this case on a class wide basis, even if
26  reliance were not specifically required.  (*See* Pltf. Mem. ISO Class Cert., pp. 16-18.)
27  Plaintiff's response is either to remove causation as an element or to ask that
28  causation/reliance be inferred.  Neither approach is legally sufficient.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

First, class treatment cannot "abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072; *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999) (citation omitted); *Diaz-Ramos v. Hyundai Motor Co.*, 501 F. 3d 12, 16 (1st Cir. 2007) (collecting cases).  Causation is a required element of a UCL claim whether in an individual action or a class action.

Second, an inference of reliance is not appropriate in this case where Plaintiff has not identified a single representation made to, and received by, each class member.  *Gonzalez*, 247 F.R.D. at 625-26.  California law limits the doctrine to circumstances in which a plaintiff can show with classwide proof "the same material misrepresentations have actually been communicated to each member of a class." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095, 23 Cal.Rptr.2d 101, 107 (Cal. 1993); *Occidental Land, Inc. v. Superior Court*, 18 Cal. 3d 355, 361-63, 134 Cal.Rptr. 388, 391-93(1976); *Vasquez v. Superior Court*, 4 Cal. 3d 800, 814, 94 Cal.Rptr. 796, 804 (Cal. 1971).  The California Supreme Court explained that "these decisions do not support an argument for presuming reliance on the part of persons who never read or heard the alleged misrepresentations … ." *Id.* at 1094.  Ms. Miller relies on *Negrete v. Allianz Life Ins. Co. of North Am.*, 238 F.R.D. 482 (C.D. Cal. 2006), but that case is in accord with principles established in *Vasquez*, *Occidental*, and *Mirkin*.  (Pltf. Mem. ISO Class Cert., p. 17.)  In *Negrete*, a RICO action based on allegedly fraudulently overpriced annuities, the plaintiffs produced evidence that the same material misrepresentations were provided to and received by each class member:

> By signing the SOU, the purchaser stated that he or she had read and understood the information set forth therein, which had also been explained by the sales agent.

*Id.* at 492.

The same principles apply in omission cases where an inference of reliance is available only where there is an omission of material information pertaining to a uniform representation received by all.  *See Mass. Mut. Life Ins. Co. v. Superior*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 | *Court*, 97 Cal. App. 4th 1282, 1293, 119 Cal.Rptr.2d 190, 197 (Cal. App. Ct. 2002);

2 | *Gawara v. U.S. Brass Corp.,* 63 Cal. App. 4th 1341, 1349-50, 74 Cal.Rptr.2d 663,

3 | 666-668.(Cal. Ct. App. 1998) ("Since the *Mirkin* plaintiffs would not have been

4 | aware of the omitted information because they had not read the prospectuses or

5 | heard the public communications, they had failed to plead the necessary reliance.");

6 | *Osborne v. Subaru of Am., Inc.,* 198 Cal. App. 3d 646, 661, 243 Cal.Rptr. 815, 823-

7 | 824 (Cal. Ct. App. 1988) (declining to apply a class-wide presumption of reliance to

8 | a claim of negligent misrepresentation based on the defendants' advertising

9 | campaign because plaintiffs failed to show that the same representation was made to

10 | each class member).

11 |         In finding that Ms. Miller stated a claim, this Court held that "to plead

12 | reliance on a fraudulent omission, she must plead that she had 'confidence in the

13 | material completeness of the defendant's representations, and act[ed] upon this

14 | confidence.'" (Order re: Defendant's Motion to Dismiss, dated February 8, 2008, at

15 | 13 (quoting *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 808, 66

16 | Cal.Rptr.3d 543, 549 (Cal. Ct. App. 2007).) For example, to prove what she

17 | pleaded, Ms. Miller must present evidence that she had confidence in the material

18 | completeness of the defendant's representations. (*See id.*; *see also id.* at 15 ("If

19 | Plaintiff did not, in fact, review any of these documents, Defendant may explore that

20 | issue in discovery and test this claim at summary judgment."). Ms. Miller herself

21 | did not read the owner's manual, brochures, or any other advertisement by

22 | Mercedes-Benz, other than seeing a picture of a vehicle on a billboard. (Miller Dep.

23 | at 93-94.) And there likely are other class members similarly situated or who saw

24 | only some of the "available" documents. Thus, no inference of reliance is available

25 | here. *See Gonzalez*, 247 F.R.D. at 625-26.

26 |         Moreover, this requirement for an omission claim would require an inherently

27 | individual inquiry for each class member. A significant factual variation exists

28 | within the classes regarding individuals who, unlike Ms. Miller, received

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

representations from Mercedes-Benz by reading brochures, seeing or reading advertisements, or by other means.  These core factual variations on causation/reliance defeat class certification.  *See Gonzalez*, 247 F.R.D. at 625-26 (holding that individualized questions of reliance and causation predominate where class members may have received different representations or no representations at all); *see also Poulos v. Caesars World, Inc.*, 379 F.3d 654, 665 (9th Cir. 2004) (affirming denial of certification where "individualized reliance issues related to plaintiffs' knowledge, motivations, and expectations bear heavily on the causation analysis").[6]

In addition, the inquiry concerning causation/reliance requires even a further individualized inquiry.  "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction."  *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239, 44 Cal.Rptr.2d 352, 359-360 (Cal. 1995).  Plaintiff alleges that class members would not have paid the full asking price had they known of the cost of a replacement key.  (SAC ¶ 131.)  Miller paid $188 for a replacement key.  (Miller Dep. at 132-33.)  While her vehicle cost about $44,000, some Mercedes-Benz vehicles in the class cost in excess of $75,000 or $100,000.  (*See* MBUSA.com for typical prices of class vehicles.)  Ms. Miller offers no class wide proof that all class members would view the relatively small cost of a contingent event—losing a key and purchasing a new one—as compared to the large cost of the vehicle, to be a material factor in their purchasing or leasing decision.  In fact, Ms. Miller's own conduct and testimony

---

6    *See also Newman v. RCN Telecom Servs., Inc.*, 238 F.R.D. 57, 77 (S.D.N.Y. 2006) ("[C]lass certification is not appropriate where the plaintiffs do not point to any specific advertisement ... which was undoubtedly seen by all class members.") (internal marks omitted).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   fails to support that the cost of a key is material information in her own purchase of

2   the vehicle.  Ms. Miller's inability to show causation/reliance regarding the purchase

3   or lease decision with class wide proof requires denial of class certification.  *See*

4   *e.g., Drimmer v. WD-40 Co.*, No. 06-CV-900 W(AJB), 2007 WL 2456003, *4 (S.D.

5   Cal. Aug. 24, 2007) (class certification for UCL claim denied because factual

6   variations predominated regarding impact of information on product purchasing

7   decision); *In re Paxil Litig.*, 212 F.R.D. 539, 551 (C.D. Cal. 2003) (certification

8   inappropriate where individualized inquiries into causation would be necessary);

9   *Schwartz*, 183 F.R.D. at 680 (denying certification where claims required

10  "individualized determination of a purchasing individual's motivation"); *Debbs v.*

11  *Chrysler Corp.*, 810 A.2d 137, 158 (Pa. Super. Ct. 2002) (reversing class

12  certification because "reasonable consumers could come to different conclusions

13  about the materiality of the withheld information" in making vehicle purchasing

14  decision).[7]

15              **2.    Determinations of Actual Injury Would Require
                        Individualized Proof as to Each Class Member.**

16      Each class member must have suffered injury in fact and lost money or

17  property as a result of a violation in order to have standing to bring a UCL action.

18  Cal. Bus. & Prof. Code §§ 17203.  Ms. Miller provides this Court no means by

19  which a loss of money or property can be shown at trial with class wide proof.  (*See*

20  Pltf. Mem. ISO Class Cert., p. 4 (listing theoretical injuries, such as diminution of

21  value of vehicle, without offering any means of showing this with class wide

22  proof).)  Plaintiff fails to establish a uniform diminution in value among a class of

23

24  ─────────────────────

25  [7]      The *Drimmer* Court contrasted its facts to those in *Negrate*:  "In *Negrete v. Allianz Life Ins. Co.*, 238 F.R.D.
    482, 491 (C.D.Cal. 2006), on a motion for class certification, the court still found a means of 'generalized proof that ...
    would give rise to a common sense inference that no rational class member would purchase [the products] upon

26  adequate disclosure of the facts, *regardless of their individual circumstances.*'"  *Drimmer*, 2007 WL 2456003, at *4
    (emphasis in original).  Here, as in *Drimmer*, individual circumstances create a fatal factual variations because there is

27  nothing about the cost of a key that ipso facto makes the purchase of a vehicle unreasonable.  Ms. Miller's own recent
    interest in purchasing similar vehicles with transponder keys proves that point.  (*See* Miller Dep. at 169-70.)

28

variously priced and variously aged vehicles with different circumstances among the various plaintiffs.  Where the classes include all purchasers and lessees of Mercedes-Benz vehicles, Plaintiff's failure is magnified.  Class certification is inappropriate where, as here, the required element of actual injury requires individualized determinations.  *Frosini v. Bridgestone Firestone N.A. Tire, LLC*, No. CV 05-0578 CAS, 2007 WL 2781656, *15 (C.D. Cal. Aug. 24, 2007) (denying class certification because injury could not be shown with class wide proof); *O'Connor*, 180 F.R.D. at 382-83 (factual variations predominate, defeating certification, because plaintiffs failed to present a means of proving diminution of value damages with class wide proof); *see also Newton v. Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154, 190 (3d Cir. 2001) (rejecting class certification where injury required individualized analysis).  Plaintiff has failed to meet her burden, and the motion should be denied.

**F.    The Court Should Deny the Motion for Certification of a Rule 23(b)(3) California-Only Fraud and Deceit Class because Factual Variations Predominate.**

The same factual variations that plague Ms. Miller's UCL claim also destroy predominance with her fraud claim and require denial of her motion for certification of a California-only fraud class.  "The elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage."  *Engalla v. Permanente Medical Group, Inc.,* 15 Cal. 4th 951, 974, 64 Cal.Rptr.2d 843, 857 (Cal. 1997) (internal marks omitted).  Plaintiff has not shown how she will meet any of these elements at trial with common proof for all class members.  For example, she has offered no means of showing scienter or intent to deceive with class wide proof with respect to events that occurred over a six year period of time.  Plaintiff's motion is completely silent on that element.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

The requirement of showing justifiable reliance alone often defeats class certification and the same would be true here. *Gonzalez*, 247 F.R.D. at 623 ("The Court finds that there are significant individualized issues related to proof of reliance"); *see also Castano v. American Tobacco Co.,* 84 F.3d 734, 745 (5th Cir. 1996) ("a fraud class action cannot be certified when individual reliance will be an issue."); *Andrews v. American. Tel. & Tel. Co.,* 95 F.3d 1014, 1025 (11th Cir. 1996) (reversing decision certifying class action where fraud claims required individual proof of reliance).

Plaintiff refers only once to predominance with respect to the common law fraud claim. (*See* Pltf. Mem. ISO Class Cert., p. 18 (citing *In re First Alliance Mortg. Co.*, 471 F.3d 977, 989-90 (9th Cir. 2006).) Ms. Miller argues that *First Alliance* is analogous because it "also involves oral misrepresentations." (Pltf. Mem. ISO Class Cert., p. 18.) This is wrong on multiple fronts. First, unlike *First Alliance*, this case does not even include an affirmative misrepresentation claim. Second, this case does not even involve oral misrepresentations. Ms. Miller has shown no evidence that she spoke with Mercedes-Benz at all before purchasing her vehicle and she could not identify any conversation with the personnel of the independent dealer, who is not Mercedes-Benz, about her transponder key in which dealership personnel stated anything she believes was inaccurate. (Miller Dep. at 172.) Third, this case is unlike *First Alliance,* where a lender in the subprime mortgage sector sued loan officers who employed a standardized sales presentation to persuade borrowers to take out loans with high interest rates and hidden high origination fees or "points" and other "junk" fees. 471 F.3d at 985-86. The court's holding was based on the use of a "standardized sales pitch," a circumstance unlike that present here. *Id.* at 991.

In addition to the problems of showing scienter, intent to deceive, and reliance with class wide proof, Ms. Miller again is silent regarding the need to prove damages and injury with class wide proof. A class member must have "suffer[ed]

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

actual monetary loss to recover on a fraud claim." *See Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1240, 44 Cal.Rptr.2d 352, 360 (Cal. 1995).  As with the UCL class, the inability to show an actual monetary loss with class wide proof is fatal to class certification.  *See Frosini*, 2007 WL 2781656, *15; *O'Connor*, 180 F.R.D. at 382-83.   Plaintiff's proposed class definition is untethered to any injury or damages and therefore, necessarily would include purported class members who cannot recover.

For all these reasons, the Court should deny Plaintiff's motion for certification of a California-only fraud class.

### G. The Court Should Deny the Motion for Certification of a California-only Unjust Enrichment/Restitution Class under Rule 23(b)(3) because Factual Variations Predominate.

"A person is unjustly enriched if the person receives a benefit at another's expense." *McBride v. Boughton*, 123 Cal. App. 4th 379, 389, 20 Cal.Rptr.3d 115, 122 (Cal. Ct. App. 2004); *see also Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726, 91 Cal.Rptr.2d 881, 883 (Cal. Ct. App. 2000) (describing the elements as "receipt of a benefit and unjust retention of the benefit at the expense of another."). Plaintiff is silent regarding the predominance of common issues with respect to the restitution/unjust enrichment claim in Count III.  Since it is her burden to meet this factor, and she has not, the motion for a California-only unjust enrichment class should be denied.  *See generally Zinser*, 253 F.3d at 1186 (plaintiff's burden to meet predominance factor); *O'Connor*, 180 F.R.D. at 366 (same).

Furthermore, since the class is defined as those who purchased or leased Mercedes-Benz vehicles with SmartKeys, each individual transaction would have to be analyzed to determine what benefit, if any, was conferred on Mercedes-Benz by a purchaser or lessee, the equities of each class member's transaction, and the equities of future events, if any, involving the purchase of a key.  The determination of the equities involved would implicate many of the same factual variations that exist with respect to the UCL and fraud claims, and would preclude class certification.

*See generally In re Rezulin Prod. Liab. Litig.*, 210 F.R.D. 61, 69 (S.D.N.Y. 2002) (individual issues predominate on unjust enrichment claim); *In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litig.*, Nos. 05 C 4742, 05 C 2623, 2007 WL 4287511, *9 (N.D. Ill. Dec. 4, 2007) (same).

### H. The Court Should Deny the Motion for Certification of Rule 23(b)(3) Classes Because It Is Not Superior to Other Available Methods of Adjudication.

"The inquiries surrounding predominance of common facts and superiority of the class action are intertwined.  The greater the number of individual issues, the less likely that a class action is the superior method of adjudication."  *O'Connor*, 180 F.R.D. at 383.  Plaintiff's failure to meet her burden of showing that this case is judicially manageable in conjunction with the obvious number of individual issues of fact and law show that class treatment is not superior to other forms of adjudication.  *Zinser*, 253 F.3d at 1192 ("when the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication"); *Sweet*, 232 F.R.D. at 372 ("Because there are too many individual questions at issue in this case and because Plaintiffs have not met their burden of showing that this case is judicially manageable as a class action, as discussed above, a class action here is not superior to other methods of litigation."); *O'Connor*, 180 F.R.D. at 384 (because of the number of individual issues involved, class action treatment is not superior to other forms of adjudication).  For this reason also, this Court should deny the motion for certification of any Rule 23(b) classes.

### I. The Court Should Deny the Motion for Certification of Rule 23(b)(2) Classes Because the Primary Relief Sought is Money Damages and Because the Proposed Class Is Not Cohesive.

#### 1. The Primary Relief sought is Money Damages

"Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive."  *Zinser*, 253 F.3d at 1195.  "A class

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  seeking monetary damages may be certified pursuant to Rule 23(b)(2) where such

2  relief is 'merely incidental to [the] primary claim for injunctive relief.'"  *Id.* at 1195.

3  "The use of the word 'incidental' in this context was intended to mean 'secondary'

4  to injunctive relief."  *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 610 (C.D.

5  Cal. 2005) (citing *Molski v. Gleich,* 318 F.3d 937, 950 n.14 (9th Cir. 2003)).

6         The monetary recovery Ms. Miller requests clearly constitutes her "primary"

7  request for relief and never could be deemed "incidental" or "secondary" to any type

8  of injunctive relief.  Ms. Miller seeks compensatory, exemplary, and punitive

9  damages, along with restitutionary disgorgement for members of a nationwide class

10  or for members of a California-only class.  (SAC, Prayer for Relief, ¶¶ 2, 4, 8.)  Her

11  only request for injunctive relief is for an order requiring Mercedes-Benz to

12  undertake a public information campaign.  (*Id.* at ¶ 5.)  That request, however, does

13  not benefit class members, all of whom have <u>already purchased or leased</u> their

14  vehicles.  *See, e.g.*, *Drimmer*, 2007 WL 2456003, at *5 ("But injunctive or

15  declaratory relief makes little sense here. The class members, by definition, already

16  purchased the products, whereas an injunction prohibiting the allegedly false

17  statements can only benefit future purchasers. Thus, injunctive relief, even had it

18  been pleaded, is probably inappropriate.").  The various monetary recoveries sought

19  dwarf any injunctive relief in these circumstances.  Plaintiff does not and cannot

20  meet the criteria for class certification under Rule 23(b)(2), and her alternative

21  request for a (b)(2) class should therefore be denied.  *Zinser*, 253 F.3d at 1195;

22  *Gonzalez*, 247 F.R.D. at 626-27; *Paxil*, 218 F.R.D. at 247-49.[8]

23

24  [8] Although restitution is an equitable remedy, a claim for restitution is monetary relief and must be merely incidental
    to the claim for injunctive or declaratory relief.  *Dukes*, 509 F.3d at 1187 ("any suggestion that back pay's status as an

25  equitable remedy somehow prevents it from *also* being a form of monetary relief for purposes of Rule 23(b)(2) is
    incorrect") (emphasis in original); *Paxil*, 218 F.R.D. at 247 ("The distinction made in Rule 23(b)(2), however, is not

26  one between equitable remedies and compensatory damages; rather, it is between 'final injunctive relief or
    corresponding declaratory relief with respect to the class as a whole' and all other forms of relief. Fed. R. Civ. P.

27  23(b)(2). Therefore, Plaintiffs' claim for restitution must be merely incidental to the claim for injunctive or
    declaratory relief.").

28  Continued on Next Page
    3009106

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**2.     The Classes are Not Cohesive.**

The variations of law and fact "that are fatal to Rule 23(b)(3) certification are likewise fatal to Rule 23(b)(2) certification." *Paxil*, 212 F.R.D. at 552; *see also Barnes v. American Tobacco Co.,* 161 F.3d 127, 142-43 (3d Cir. 1998) ("While 23(b)(2) class actions have no predominance or superiority requirements, it is well established that the class claims must be cohesive."); *Sweet*, 232 F.R.D. at  374 ("a class under Rule 23(b)(2) must not be overrun with individual issues").  "[B]ecause the predominance of individual issues barred certification under Rule 23(b)(3), certification under Rule 23(b)(2) is similarly barred." *Sweet*, 232 F.R.D. at 374; *Paxil*, 212 F.R.D. at 552.

**VII.   <u>CONCLUSION</u>**

For these many reasons, each of which is fatal to Plaintiff's motion, Defendant Mercedes-Benz respectfully requests that Plaintiff Sheila Miller's motion for class certification be denied with prejudice.


Dated: December 10, 2008          **BRYAN CAVE LLP**


By:   /s/ Jennifer A. Jackson

Jennifer A. Jackson
Attorneys for Defendant
MERCEDES-BENZ USA, LLC

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

3009106

DEFENDANT MERCEDES-BENZ USA, LLC'S
OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION