UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



CIVIL MINUTES - GENERAL

| Case No. | CV 06-05382 ABC (JTLx) | Date | May 15, 2009 |
|---|---|---|---|
| Title | Sheila Miller v. Mercedes-Benz USA LLC | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   **DENYING MOTION FOR CLASS CERTIFICATION; DELAYING RULING ON MOTION FOR SUMMARY JUDGMENT** (In Chambers)

### I.   INTRODUCTION

This case involves car buyers who, after purchasing Mercedes-Benz automobiles, learned that replacing their computer encoded keys--"Smart Keys"--would cost approximately $200 and could only be done through Mercedes-Benz. Sheila Miller filed the present lawsuit on behalf of a putative class of Mercedes-Benz owners. After two motions to dismiss, the remaining claims in Miller's Second Amended Class Action Complaint ("SAC") are premised on alleged fraudulent omissions and concealment. (Order Re: Defendant's Motion to Dismiss ("Dismissal Order") (Docket No. 44) (maintaining fraud and restitution claims).) In short, Miller claims that Mercedes-Benz concealed the information about its Smart Keys and should have disclosed the difficulties involved in obtaining a replacement.

The Court has before it a motion from Miller for class certification (Docket No. 57) and a motion from Mercedes-Benz for summary judgment (Docket No. 63). As discussed below, because Miller is an inadequate class representative, the motion for class certification is **DENIED**. The Court will defer deciding the motion for summary judgement until a ruling is issued in a case currently before the California Supreme Court, In Re: Tobacco II Cases, that bears directly on the issues raised in Mercedes-Benz's motion.

### II.   CLASS CERTIFICATION

Although Miller "remains available to represent the Classes" (Class Mem. (Docket No. 58) at 11 n.3), she actually seeks to have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



CIVIL MINUTES - GENERAL

| Case No. | CV 06-05382 ABC (JTLx) | Date | May 15, 2009 |
|---|---|---|---|
| Title | Sheila Miller v. Mercedes-Benz USA LLC | | |

someone named Tsz Pui Chan appointed as representative.  Although Chan owns a Mercedes-Benz equipped with Smart Keys, Chan is not party to this suit.  Miller argues that Chan's relation to the lawsuit does not matter.  The Court does not agree.

   Miller notes that "Courts regularly allow and even encourage substitution of class representations [sic] who were not named parties."  (Class Reply. (Docket No. 74) at 6.)  The Court does not contest that assertion.  However, the circumstances in which that normally occurs are not present here.  For instance, *after a class has been certified*, Courts regularly allow replacement of the named plaintiff.  Birmingham Steel Corp. v. Tennessee Valley Authority, 353 F.3d 1331 (11th Cir. 2003) (giving class counsel time to find new class representative for certified class after named plaintiff became ineligible); Brookhaven Housing Coalition v. Sampson, 65 F.R.D. 24 (E.D.N.Y. 1974)(requiring notice of motion to dismiss for lack of standing be provided to class members for possible substitution as named plaintiff).

   Here, no class has yet been certified.  This is not a case where the "class [has] acquire[d] a legal status separate from that of the named plaintiff[]."  Birmingham, 353 F.3d at 1336.  Furthermore, unlike the cases noted above, Miller did not offer Chan because of a court ruling that Miller lacked standing, or was inadequate.  Indeed, Miller maintains that she is ready to act as class representative.  Under these circumstances, if Chan wished to participate in this action, she should have filed a motion to intervene.

   Instead, after two years of litigation, and two motions to dismiss--in which the parties argued the scope and propriety of *Miller's* claims, and through which the Court ruled on the applicability of *Miller's* claims--Miller now offers Chan as class representative.[1]  The Court does not appreciate, or approve of, this

---

   [1]The Court set October 13, 2008 as the deadline for Miller's motion for class certification.  (July 15, 2008 Order (Docket No. 56).)  Twenty-six days before that deadline, Miller's counsel notified Mercedes-Benz that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-05382 ABC (JTLx) | Date | May 15, 2009 |
|---|---|---|---|
| Title | Sheila Miller v. Mercedes-Benz USA LLC | | |

bait-and-switch tactic.[2]  See Lidie v. State of California, 478 F.2d 552, 555 (9th Cir. 1973) ("where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted").

Miller's desire to offer Chan is probably best understood in light of Miller's ability to serve as class representative.  Miller is employed by putative class counsel, Weiss & Lurie.  She has been a paralegal at Weiss & Lurie for approximately ten years.  (Jackson Cert. Opp. Decl. (Docket No. 62), Ex. A [Miller Dep. at 8:11-19].)  In order to act as class representative, Miller must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  This raises two questions: does Miller or her counsel have any conflict of interest with other class members and will Miller and her counsel prosecute the action vigorously.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).

Miller has already shown that she is less than interested in "prosecut[ing] the action vigorously on behalf of the class."  Hanlon, 150 F.3d at 1020.  Although she allegedly stands willing, she did not

---

"Plaintiff intended to offer another class member as proposed class representative."  (Elkins Class Reply Decl. (Docket No. 75) ¶ 4.)  It appears that it was not until the motion for class certification was actually filed that Mercedes-Benz learned the identity of the new proposed class representative, Tsz Pui Chan.  (See Class Opp. (Docket No. 62) at 12 n.3).)

[2]The cases cited by Miller that allow substitution absent class certification are factually inapplicable, see United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977) (allowing putative class member to appeal denial of class certification when named plaintiffs would not pursue appeal), or factually inapplicable and not binding precedent, see, e.g., In re Telectronics Pacing Systems, Inc., 172 F.R.D. 271 (S.D. Ohio 1997) (after certification, and then decertification, court, on renewed motion for certification, allowed new proposed class representatives to proceed in conjunction with original named plaintiffs), Sherman v. Griepentrog, 775 F.Supp. 1383 (D. Nev. 1991) (granting motion for substitution of plaintiff after death of named plaintiff) .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



CIVIL MINUTES - GENERAL

| Case No. | CV 06-05382 ABC (JTLx) | Date | May 15, 2009 |
|---|---|---|---|
| Title | Sheila Miller v. Mercedes-Benz USA LLC | | |

even offer herself as class representative.  More importantly, however, the Court is concerned with potential conflicts of interest Miller may have with the class as to her ties with class counsel. Miller must be able to put the interests of the class above the interests of class counsel.  The Court doubts that this is something she can do, given that her livelihood is contingent on her employment with Weiss & Lurie.

    In Shroder v. Suburban Coastal Corp., 729 F.2d 1371 (11th Cir. 1084), the Eleventh Circuit upheld a finding that the plaintiff Pillon was an improper class representative because he was employed by putative class counsel, even though the he also had employment outside of the putative class counsel's firm.  Shroder, 729 F.2d at 1375 ("Pillon is concerned with his future employment.  Consequently, a court could rationally conclude that Pillon would be more concerned with satisfying his employer than with representing the interests of the unnamed class members.").  Here, it appears that Weiss & Lurie is Miller's sole source of employment.  The Court finds that this tie is too strong to allow Miller to proceed as class representative.  In re Metlife Demutualization Litigation, 229 F.R.D. 369, 376-77 (E.D.N.Y. 2005) ("Although Mr. Murray may not directly share in the legal fees recovered by Berman DeValerio, there is little doubt that he has an interest in his employer's financial success as his base salary and discretionary bonuses are linked to its revenue.").[3]

    Because Miller cannot fairly and adequately protect the interests of the class, the motion for class certification is **DENIED**.

### III.  MOTION FOR SUMMARY JUDGMENT

    Mercedes-Benz's motion for summary judgment encompasses Miller's

---

[3] The Court finds Miller's purported statement that "she has no financial stake in Weiss & Lurie that may sway her undivided interest in protecting the interests of the class" to be demonstrably false.  (Class Reply at 5 n.1.)  Miller has a very clear financial stake in Weiss & Lurie: Weiss & Lurie pays her salary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-05382 ABC (JTLx) | Date | May 15, 2009 |
|---|---|---|---|
| Title | Sheila Miller v. Mercedes-Benz USA LLC | | |

fraud claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.  The parties dispute whether reliance is required for these claims.  This issue is currently pending before the California Supreme Court with In Re: Tobacco II Cases.  (Summ. J. Opp. (Docket No. 80) at 20.)  Accordingly, the Court defers ruling on the motion for summary judgment pending resolution of In Re: Tobacco II Cases.  Mercedes Benz is **ORDERED** to inform the Court of the California Supreme Court's decision within seven days of the issuance of that decision.

### IV.  CONCLUSION

For the reasons set forth above, the motion for class certification is **DENIED**.  The Court delays ruling on the motion for summary judgment pending the decision from the California Supreme Court.  The hearing previously scheduled for Monday, May 18, 2009 is hereby **VACATED**.  Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

:

Initials of Preparer    DA